*Birchard, J.
The first question to be-disposed of is the motion to dismiss the appeal, for if that be with the respondents, it is manifest that we should not look to the other questions presented by the papers.
In general, there is very little difficulty in ascertaining the extent and manner of acquiring jurisdiction by the several courts of this state, inasmuch as they are prescribed by positive enactments. It sometimes happens that doubts arise, growing out of *403 hasty legislation or want of care in preparing bills, without reference to the provisions of prior laws.
Section 2 of the act to organize the judicial courts, confers upon ■the Supreme Court appellate jurisdiction from the court of common pleas, in all civil cases in which the court of common pleas has original jurisdiction.
If we depend upon this position alone, it will hardly be contended by any one that the court entertain the case at bar; for, upon examining into the jurisdiction which the court of common pleas had of the case, it will be found to be appellate, not original. Section 207 of the act to provide for the settlement of the estates of deceased persons (Swan, 377) provides, “ that any person whose claim shall be disallowed by any of the commissioners, and the executor who shall be dissatisfied with the allowance of any claim, may appeal from their decision to the court of common pleas, in like manner as such parties may appeal from the judgment of a justice of the peace, and the same proceedings shall be had in the court of common pleas upon such appeal, and upon the appeal bond given by the creditor, as is, or may be, directed by law upon appeals from a justice,” etc.
It was in pursuance of the provisions of this section, that the court of common pleas acquired its jurisdiction. The cause came there on appeal from the “commissioners of insolvency.” It was not a proceeding originally instituted in that court, and the statute, by virtue of which it was there at all, prescribes the manner of the further proceedings in the case. *They were to be the same proceedings directed by law on appeals from justices of tho peace.
It is not pretended that a suit appealed from a justice to the common pleas can be taken from that court into the Supreme Court by appeal. And although it is admitted that this statute will bear a construction forbidding the further appeal in this case, yet it is contended that it does not require it, and.wül admit of a different one, to wit, that suits at law under $100 are reviewable by writ of error only, but that the suits of sufficient magnitude to admit of original jurisdiction in the common pleas, are to bo regulated by the rules governing such suit; or it admits a review of all eases of law by error, and of all cases in chancery, by appeal or bill of review. It is difficult for us to see how this proposition can be maintained. The reasoning that will support it is not given in *404 the argument of counsel, and we have not the ingenuity to discover it. It is true that the jurisdiction of a justice of the peace is limited to sums of $100, but was it the intention of the legislature to so limit the action of the commissioners of insolvency under the statute? Certainly not. They ai’e to “receive and examine all claims of creditors against the estate of the deceased.” The language is comprehensive and unambiguous. It admits of no doubt. “All claims of creditors ” comprehends claims of every description, whether large or small. Indeed, the object of the commission would be defeated by the construction suggested, in all cases except where each debt against the estate shall be less than $100, for upon the presentation of the report no distribution could bo made until all the large as well as small claims had been ascertained. Again, it is contended that this is a proceeding in chancery, and that an appeal^ is allowed by section 52 of the act regulating the practice in chancery. Swan, 713. How is this? The form of the pleading demurred to bears a resemblance to a bill in chancery, and the author has so christened it. • For purposes of identity it may be well enough to adopt the name given by him to his own production, yet for the purpose of settling *tbe merits of the defendants’, motion, it is proper to look at the thing itself, to dissect -it, and see what it is in substance. Now, the suit was begun by filing a bond executed by the defendants’ intestate) with a demand for its allowance by the commissioners of insolvents, as a just debt against the estate, in order that plaintiffs might receive their just distributive share of the assets. It was a proper subject for investigation at law — was rejected and appealed to the common pleas, and when first in that court it was a suit at law upon a bond. . By the death of Terry, after service, the original suit as to him had failed, but as to his co-obligors, had been prosecuted to final judgment and execution. The statutes prescribed a way of making Terry’s representatives a party to that judgment — not, however, the statute regulating proceedings in chancery, nor section 189 of the statute providing for the settlement of estates of deceased persons. The whole object of the suit, at its inception, as well as at this time, is to establish the fact that the bond is a just claim against the estate of Terry. At first, it was a proceeding at law, and if it is not that now, it is something which the law does not define. No subpoena has ever issued, and no party has ever appealed to waive process and become defend *405 ants in chancery. True, a part of the persons named as defendants were in court, but they were there as defendants to a suit which came by appeal, and was to bo proceeded in as if it had been appealed from the judgment of a justice of the peace — that is, as the defendants in a suit at law. The case, then, has not the distinctive features of a chancery suit, and section 52, of the statute relied upon, does not help the plaintiff.
Motion to dismiss sustained.